# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WILLIAM A. ACREE, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN MARTY ALLEN; DEPUTY WARDEN TREVONZA BOBBITT; UNIT MANAGER JOSEPH HUTCHENSON; DEPUTY WARDEN SHERRY KILGORE; DEPUTY WARDEN PINEIRO; LT. RONNIE SHOEMAKER; SGT. FUGATES; OFFICER DASIA MOSLEY; OFFICER MONICA WILLIAMS; and GEORGIA DEPARTMENT OF CORRECTIONS,[1] <br><br> Defendants. | CIVIL ACTION NO.: 6:17-cv-107 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a Complaint, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Docs. 1, 4.) Plaintiff also filed a Motion for Summary Judgment[2] and Motions for Preliminary Injunction. (Docs. 11, 12, 13.) For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Allen, Bobbitt, Kilgore, Pineiro, and the Georgia Department of Corrections. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. The Court should also **DISMISS as prematurely filed** Plaintiff's Motion for Summary Judgment and **DISMISS**

---

[1] The Court **DIRECTS** the Clerk of Court to amend the caption upon the record and docket of this case.

[2] The Clerk's Office docketed Plaintiff's Motion for Summary Judgment as also including "Motion that the Court Reporter Transcribe and File Transcripts." (Doc. 11.) There is no indication from Plaintiff's Motion he is also seeking that relief.

Plaintiff's Motions for preliminary injunctive relief. However, the Court finds Plaintiff sets forth colorable retaliation, excessive force, and deliberate indifference claims against Defendants Hutchenson, Fuggitt, Mosley, Williams, and Shoemaker. Consequently, a copy of Plaintiff's Amended Complaint, (doc. 4), and a copy of this Order shall be served upon Defendants Hutchenson, Fuggitt, Mosley, Williams, and Shoemaker by the United States Marshal without prepayment of cost.

## PLAINTIFF'S ALLEGATIONS

In his Amended Complaint, Plaintiff contends he filed a claim under the Prison Rape Elimination Act ("PREA") against Defendant Mosley on May 26, 2017, after Defendant Mosley sexually harassed him. (Doc. 4, p. 8.) On May 31, 2017, Plaintiff asserts Defendants Shoemaker, Fugitt,[3] Mosley, and Williams sprayed a chemical agent into Plaintiff's cell, even though he was restrained. (Id. at p. 7.) According to Plaintiff, Defendant Hutchenson gave the final order for this use of force. Plaintiff alleges Defendants Shoemaker and Fuggit dragged him out of his cell and took him to a strip cell for eighteen (18) hours. Plaintiff maintains he was forced back into his cell without it being decontaminated or cleaned. (Id.) Plaintiff avers Defendants Allen, Bobbitt, Kilgore, and Pineiro are "all accountable because it is their duty and responsibility to ensure proper procedures and policy [are] being followed by their state employees, and the laws are not broken. (Id.) Plaintiff also alleges he suffered from chemical reactions, breathing irregularities, skin breakouts, and long-term breathing problems and was denied medical care after the use of excessive force. (Id. at p. 8.)

---

[3] This Defendant is identified as "Fugates" upon the caption of this case, yet Plaintiff refers to this Defendant as "Fuggitt" in the body of his Amended Complaint. Thus, so does the Court.

2

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010) (per curiam).

Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.     Plaintiff's Claims Against Defendants Allen, Bobbitt, Kilgore, and Pineiro**

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.[4] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam) (citation omitted).

Plaintiff seeks to hold Defendants Allen, Bobbitt, Kilgore, and Pineiro liable solely based on their supervisory positions as Warden and Deputy Wardens at Georgia State Prison. However, Plaintiff fails to present any facts indicating there is a causal connection between any actions or inaction of these Defendants and the alleged violation of Plaintiff's constitutional rights. He does not allege these Defendants were personally involved in the conditions that he complains of or that the conditions resulted from some custom or policy these Defendants promulgated or maintained. Plaintiff also fails to plausibly allege that these Defendants directed the allegedly unlawful conditions or ignored a widespread history of abuse in this regard. In fact,

---

[4] The principle that *respondeat superior* is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

5

Plaintiff fails to make any factual allegations against these Defendants, let alone even conclusory allegations that these Defendants were aware of or were personally responsible for the alleged violations of Plaintiff's constitutional rights. Instead, Plaintiff baldly states Defendants Allen, Bobbitt, Kilgore, and Pineiro are accountable because they have a duty to ensure their employees follow policy and procedures. (Doc. 4, p. 7.) Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendants Allen, Bobbitt, Kilgore, and Pineiro.

## II. Plaintiff's Claims Against the Georgia Department of Corrections

Plaintiff names the Georgia Department of Corrections as a Defendant, yet he makes no factual allegations against this entity. In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (per curiam) (analyzing Georgia law and concluding the same); Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted); Shelby v. Atlanta, 578 F. Supp. 1368,

1370 (N.D. Ga. 1984) (dismissing the Atlanta Police Department as an improper Section 1983 defendant).

In addition, Plaintiff's claims against the Georgia Department of Corrections are subject to dismissal under the Eleventh Amendment to the United States Constitution. Stevens v. Gay, 846 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections." (citing Alabama v. Pugh, 483 U.S. 781, 782 (1978) (per curiam)); see also Leonard v. Dep't of Corrs., 782 F. App'x 892, 894 (11th Cir. 2007) (per curiam) (noting the Eleventh Amendment bars suit against the Georgia Department of Corrections).

In this case, Plaintiff cannot sustain any putative claims against the Georgia Department of Corrections, as this is not an entity subject to suit under Section 1983. In addition, any claims against the Georgia Department of Corrections are barred by the Eleventh Amendment. Thus, the Court should **DISMISS** Plaintiff's claims against the Georgia Department of Corrections.

### III. Plaintiff's Claims Against Defendants Shoemaker, Fuggitt, Mosley, Williams, and Hutchenson

Plaintiff asserts he filed a PREA complaint against Defendant Mosley, and five days later Defendants Shoemaker, Fuggitt, Mosley, Williams, and Hutchenson used or authorized an excessive use of force against him. As a result of this excessive use of force, Plaintiff suffered physical injury and was denied necessary medical care and treatment. (Doc. 4, pp. 7–8.) These claims raise several doctrines of law, which the Court addresses in turn.

#### A. Retaliation

It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. O'Bryant v. Finch, 637 F.3d 1207, 1212

(11th Cir. 2011). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citation and punctuation omitted)). "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant, 637 F.3d at 1212. "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff's filing of a PREA complaint is arguably protected speech, and the resulting excessive of use of force cannot be said to be too far removed temporally from Plaintiff's exercise of his First Amendment rights to be unrelated occurrences. Thus, Plaintiff states an arguable retaliation claim against Defendants Hutchenson, Shoemaker, Fuggitt, Mosley, and Williams.

### B. Excessive Use of Force

The Eighth Amendment's proscription governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v.

Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (per curiam) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Looking to the relevant factors, I find that Plaintiff's contention that Defendants Shoemaker, Fuggitt, Mosley, Williams, and Hutchenson sprayed chemicals into his cell without provocation (or authorized this action) arguably sets forth a colorable excessive force claim.

**C.  Deliberate Indifference to Serious Medical Needs**

The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

Thus, in order to prove a deliberate indifference to medical care claim, similar to any other deliberate indifference claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first component, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). Under the second, subjective component, the Eleventh Circuit Court of Appeals has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, the subjective component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

"Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011).

Plaintiff's allegations that he suffered physical injuries as a result of the alleged excessive use of force and was denied medical treatment set forth plausible deliberate indifference claims against Defendants Shoemaker, Fuggitt, Mosley, Williams, and Hutchenson.[5]

---

[5] Plaintiff's Amended Complaint is hardly the picture of clarity. However, in viewing the allegations as true, as the Court must at this stage, Plaintiff states arguable claims for relief, even as to his deliberate indifference claims. The Court **DIRECTS** Plaintiff to advise the Court within thirty (30) days if

**IV.     Plaintiff's Motion for Summary Judgment (Doc. 11)**

Plaintiff moves for summary judgment, requesting that the Court decide at least some part of this case without a trial. (Doc. 11.) Plaintiff also requests this Court issue an order for immediate release. (Id.)

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

Plaintiff's Motion before the Court is premature. The Court has yet to order service of Plaintiff's Amended Complaint. As a result, the parties have not had any opportunity to conduct discovery. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). No such

---

individuals other than the identified Defendants are allegedly responsible for the deliberate indifference to serious medical needs he contends he experienced.

discovery has occurred here. Regardless, Plaintiff has failed to present evidence at this point to warrant granting summary judgment. Adigun v. Express Scripts, Inc., No. CV 216-39, 2017 WL 1199754, at *1 (S.D. Ga. Mar. 30, 2017), *reconsideration denied*, 2017 WL 5618284 (S.D. Ga. Nov. 21, 2017). Consequently, the Court should **DISMISS as prematurely filed** Plaintiff's Motion for Summary Judgment.

## V.     Motions for Injunctive Relief (Docs. 12, 13)

To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting). In either case, an

"injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton, 272 at 1326.

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. Specifically, at this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not eventually be able to obtain injunctive relief. Rather, the Court will not interfere at this time on the facts before it. Accordingly, the Court should **DISMISS** Plaintiff's Motions for preliminary injunctive relief.

## VI. Leave to Appeal *in Forma Pauperis*

Should the Court adopt my recommendation that Plaintiff's claims against Defendants Allen, Bobbitt, Kilgore, Pineiro, and the Georgia Department of Corrections be dismissed, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the dismissed claims.[6] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

---

[6] A certificate of appealability is not required in this Section 1983 action.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Allen, Bobbitt, Kilgore, Pineiro, and the Georgia Department of Corrections. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims. The Court should also **DISMISS as prematurely filed** Plaintiff's Motion for Summary Judgment and **DISMISS** Plaintiff's Motions for preliminary injunctive relief.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

As stated above, Plaintiff states colorable retaliation, excessive force, and deliberate indifference claims against Defendants Hutchenson, Fuggitt, Mosley, Williams, and Shoemaker. Consequently, a copy of Plaintiff's Amended Complaint, (doc. 4), and a copy of this Order shall be served upon Defendants Hutchenson, Fuggitt, Mosley, Williams, and Shoemaker by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including

Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery.

17

See generally Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the**

**collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA